**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TYREESE COPPER,** | : | **CIVIL ACTION** |
| | : | |
| *Petitioner,* | : | |
| | : | |
| **v.** | : | **No. 18-cv-4577** |
| | : | |
| **SUPERINTENDENT OF SCI-GREEN,** | : | |
| **ET AL.,** | : | |
| | : | |
| *Respondents.* | : | |
| | : | |

## ORDER

**AND NOW,** this 5th day of August, 2019, upon consideration of the Honorable Timothy
R. Rice's Report and Recommendation (ECF No. 13), Petitioner's objections filed thereto (ECF
No. 19), and Respondents' response (ECF No. 23), I find as follows:

**A.**   **Factual and Procedural Background**

1. In June 2009, Petitioner, Tyreese Copper, was tried for the shooting death of Reginald
   James in Philadelphia County.  Commonwealth v. Copper, Crim. No. CP-51-CR-
   0007129-2009 (Phila. C.C.P. 2009).  The evidence established that, on February 18,
   2009, James and Davina Sparks were together in a car when an individual approached
   and tried to open the passenger door.  When James got out of the car, another man
   emerged and shot James several times.  James was taken to a nearby hospital, where
   he was pronounced dead.

2. Petitioner's father, Anderson, told the police that he saw Petitioner shoot James.
   Another witness told the police that, a few days prior to the murder, James broke into

Petitioner's home and stole a safe filled with money.  Sparks also identified Petitioner as the shooter during a photo array one day after the murder.

3.  Prior to trial, the state court held a hearing on Petitioner's Motion to Suppress, which concerned Sparks's identification of Petitioner during the photo array.  While Sparks initially identified Reginald Span as one of the shooters, she ultimately identified Petitioner as the shooter.  Sparks later claimed that the detectives told her before showing her the photo array that "Spahn was the wrong guy," and that the "right guy" was in the photo array.  The court heard and credited the testimony from the detectives that such statement never occurred.

4.  Petitioner was convicted of first-degree murder, acquitted of carrying a firearm without a license and possession of an instrument of crime, and sentenced to life in prison.  The Pennsylvania Superior Court affirmed the conviction and sentence. Petitioner did not seek review from the Pennsylvania Supreme Court.  On March 19, 2015, Petitioner filed a petition for relief under the Pennsylvania Post-Conviction Relief Act ("PCRA").  In May 2017, the PCRA court dismissed the petition, and the Pennsylvania Superior Court affirmed.

5.  Petitioner timely filed a habeas corpus petition, alleging that trial counsel was ineffective for the following reasons: (a) failing to object to the medical examiner's testimony; (b) failing to object to the clearing of the courtroom, (c) failing to raise a due process objection to Spark's photo array identification, (d) failing to hire an eyewitness identification expert, (e) failing to challenge Anderson's police statement, (f) failing to object to the Government's closing argument, (g) failing to hire a ballistics expert, (h) failing to more specifically object to the jury instruction, and (i)

failing to investigate Spark's religious beliefs. Petitioner also argues that the evidence was insufficient to support his first-degree murder conviction. Finally, Petitioner raises a due process claim, alleging that the trial court refused to grant a mistrial and gave an improper jury instruction. (Pet., ECF No. 1.)

6. This matter was referred to the Honorable Timothy R. Rice for a report and recommendation ("R&R"). (Order, Oct. 30, 2018, ECF No. 3.) After extensive briefing, oral argument, and evidentiary hearings, Judge Rice issued his R&R on April 3, 2019. (R&R, Apr. 3, 2019, ECF No. 13.) Petitioner filed objections on May 20, 2019, to which the Government responded on June 4, 2019. [1] (ECF Nos. 19, 23.)

**B.    Legal Standard**

7. A district court conducts a *de novo* review where an objection to the report and recommendation is made. Where no objection is filed, the review is "clear error." See Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984).

**C.    Discussion**

8. Petitioner filed twelve objections. The United States Court of Appeals for the Third Circuit has held that providing complete *de novo* review where only a general objection is offered "would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984). Thus, if objections to a report "merely rehash an argument presented to and considered by a magistrate judge," *de novo* review is not required. Gray v. Delbiaso, No. 14-4902, 2017 WL 2834361, at *4 (E.D. Pa. June 30, 2017); see also King v.

---

[1] While Petitioner did not timely file objections to Judge Rice's R&R, I granted his Petition for leave to file objections, finding that he had demonstrated good cause for the delay. (Order, May 20, 2019, ECF No. 18.)

Bickell, No. 13-2118, 2017 WL 1178068, at *5 (M.D. Pa. Mar. 30, 2017) (holding that argument that "is merely a rehashing of the arguments" already made to the Magistrate Judge are not entitled to *de novo* review); Davis v. Wetzel, No. 14-4160, 2017 WL 264061, at *4 (E.D. Pa. Jan. 20, 2017) (same)).  As nine of Petitioner's Objections are a precise "rehashing of the arguments" presented to and considered by the Magistrate Judge, I decline to give them *de novo* review.

9. However, the following two objections cite to additional law, and I have analyzed each in turn below:

**(i)** **Failure to Object to the Medical Examiner's Testimony**

10. Petitioner raised an ineffectiveness claim for trial counsel's failure to object to the testimony of medical examiner Dr. Edwin Lieberman.  (Pet. 9–10, ECF No. 1.)  While Dr. Lieberman did not conduct the autopsy, he reached his own conclusions about the cause and manner of death, and the original medical examiner's report was not admitted into evidence.  Judge Rice recommended denial of this claim, finding that the state court's application was not an unreasonable determination of facts or contrary to clearly-established law.

11. Petitioner's citations in support of his Objections are inapposite as they involve the admissibility of out-of-court statements and reports, rather than testimony.  See, e.g., Melendez-Diaz v. Massachusetts, 557 U.S. 305 (2009) (holding that the admission of certificates of state laboratory analysts violated the petitioner's Sixth Amendment right because the analysts were available to testify at trial); Davis v. Washington, 547 U.S. 813, 813 (2006) (the admission of testimonial statements by a witness stated during an interrogation violated the Sixth Amendment because the witness did not

testify); <u>Briscoe v. Virginia</u>, 559 U.S. 32, 33, (2010) (no opinion); <u>Bullcoming v. New Mexico</u>, 564 U.S. 647 (2011) (admission of a blood-alcohol analyst report was inadmissible where the testifying analyst could not convey what the certifying analyst knew or observed).

12. As noted above, live testimony was offered by Dr. Lieberman. Accordingly, Petitioner's Objection on this issue is overruled.

**(ii)** **Failure to Object to the Clearing of the Courtroom**

13. Petitioner raised an ineffectiveness claim for trial counsel's failure to object to the trial court's clearance of the courtroom for Sparks's testimony. (Pet. 16, ECF No. 1.) During the trial, Petitioner requested that Sparks take off her religious head garb so that the jury could see her face. Sparks later agreed to remove the portion covering her face if the court cleared the courtroom of everyone but the jury and her family for the remainder of her testimony. The PCRA court denied this claim as meritless because the right to a public trial must be considered in relationship to Sparks's First Amendment rights.

14. Judge Rice recommended the denial of this claim, finding that the state court's application was not an unreasonable determination of facts or contrary to clearly established law. Particularly, the Supreme Court held in <u>Waller v. Georgia</u>, 467 U.S. 39 (1984) that a court may close a court room where "there is an overriding interest that is likely to be prejudiced." <u>Waller</u>, 467 U.S. at 48. While Petitioner's citations restate the importance of the right to a public trial, he does not address the exception articulated in <u>Waller</u>.

15. Accordingly, Petitioner's Objection on this issue is overruled.

**WHEREFORE**, it is hereby **ORDERED** that:

– Petitioner's objections are **OVERRULED**;

– The Report and Recommendation is **APPROVED** and **ADOPTED**;

– The Petition for Writ of Habeas Corpus is **DENIED** with prejudice; and

– There is no probable cause to issue a certificate of appealability.


**BY THE COURT:**


*/s/ Mitchell S. Goldberg*

**MITCHELL S. GOLDBERG, J.**